Laijauvk, ,T.
This suit is brought on four promissory notes of Sl,5U0 each, dated 10th .Tune, 1858, and payable, respectively, in nine, twelve, .fifteen and eighteen months after dale thereof.
This suit was tiled on the 5th, and served with citation on the- I7th October, 1805.
The defendant first lilt'd the jilea of jiroseription of five years as a peremptory exception, resexving the right to answer over. This exception being overruled, the defendant jdoadod a genera] denial, and the want of consideration of said notes sued upon, the same being obtained under fraudulent representations, and used entirely for the use of said Stark, who jirotended to be owner or jiart owner of a resurrected concern, called tlie Louisiana Courier, now a defunct nowspajior, whoso whole value, including jiross, typo and material, did not amount to one-hundreth part of the sum of said notes.
The Court beloiv, after hearing the evidence, gave judgment for plaintiff.
The defendant took a devolutive appeal.
Tlie-defendant and appellant has abandoned in this Court all-the *180 defenses made below, such as prescription and failure of consideration, to none of which he has called our attention, and they are considered waived, but he insists that the notes sued upon were introduced in evidence without stamps, and that the suit should haye been dismissed ; the only defense made in this Court, is as follows:
“This petition and notes annexed were filed 5th of October, 1865; none of these notes have ever been stamped, as the revenue law of the United States requires.
Tf offered and filed on trial below, it has been done in violation of a prohibitory law, and in fraud of the revenue law of the United States, approved 3d March, page 181.
The defendant and appellant could not consent to the filing of these notes as evidence without stamps, because the law forbids it.
There is no evidence in the record of pkintiff’s demand.
Appellant, therefore, asks reversal of the judgment of the lower Court, and that there be judgment in his favor, with costs in both Courts.”
The notes sued upon, being duly proved as to signatures, were offered and received in evidence below, without objection.
But we find in the margin of the transcript, opposite each and every note, the following entry under the seal of the Court:
“No stamp, as required by law, annexed or attached to this note.
21st February, 1867. Paul Gusman, Deputy Clerk.”
Exclusive of that entry, there is nothing in the record showing that the said notes were not stamped. In Roberts v. Murray, 18 An. 572, this Court said :
“The defendant contends that the judgment should be reversed, because the contract of sale was received in evidence without having a stamp as required by the revenue law of the United States Government.
The defendant did not object to the admission of the contract of sale in evidence, and there is nothing in the record to show or indicate that it was admitted without a stamp; and this Court cannot presume that the District Court authorized a wrong to be perpetrated on the Government, by permitting an unstamped obligation to be used as evidence. ”
Now the question arises: Is the above entry legal evidence before this Court, of the fact that there was no stamp as required by law, on the notes sued upon ?
. The clerk is a ministerial officer, whose duty and power are well defined by law.
After the appeal has been allowed and the surety given, the clerk of the Court from whose judgment the appeal is taken, shall make a transcript of all the proceedings, as well as of all documents filed in the suit, and annex to the same the petition of appeal, in order that the samo may be delivered to the appellant when demanded. C. P. Art. 585.
The clerk then is to copy all the proceedings, and all the documents as he finds them in the suit, without adding to or substracting from them one single word. His duty was to copy the notes as they were filed, without making any remarks «'eating negative or affirmative evidence for either of the parties. Had even the Judge below, stated in his judgment that the notes were not stamped as required by law, and dismissed the *181 suit on that ground, it would be no evidence before us of that fact, as is well settled in our jurisprudence.
We can, therefore, take no notice of that entry, and the record remains without anything showing that the notes were not stamped as required by law. In other respects plaintiff has clearly made out his case.
It is therefore ordered, adjudged' and decreed, that the judgment appealed from bo affirmed, with costs.